Filed 12/15/22  P. v. Thomas  CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072539 |
| v. | (Super.Ct.No. INF058881) |
| JAMAR LEVEAL THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Reversed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

In June 2007, defendant and appellant Jamar Leveal Thomas and three other men robbed and beat security guard Wallace Brown. Brown died due to his injuries. Defendant was convicted of premeditated and deliberate first degree murder, a gang crime and allegations, robbery, and the special circumstance that the murder was committed during the commission of a robbery. Defendant was sentenced to life without the possibility of parole. In 2012, defendant's convictions were affirmed on appeal (*People v. Thomas* (Mar. 29, 2012, D058369) [nonpub. opn.]; hereafter, Opinion).[1]

On December 31, 2018, defendant filed his petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Penal Code section 1170.95[2] (petition). The petition was summarily denied by the trial court without a hearing. Defendant appealed, contending that (1) the trial court's summary denial of his petition for resentencing was erroneous and remand is necessary for a hearing in accordance with the statutory requirements of section 1170.95; and (2) his due process rights to a meaningful opportunity to be heard under the Fourteenth Amendment and under the California Constitution were violated by the trial court's summary denial of his petition without allowing for his appointed counsel to file a reply brief. Both claims essentially attacked the trial court's decision to summarily deny the petition.

---

[1] On October 11, 2019, we granted defendant's request to take judicial notice of the Opinion and his opening brief on direct appeal in case No. D058369.

[2] All further statutory references are to the Penal Code unless otherwise indicated. In addition, section 1170.95 was renumbered effective June 30, 2022, to section 1172.6. (Stats. 2022, c. 58 (A.B. 200), § 100, eff. June 30, 2022.) We will refer to the new numbering and current version in this opinion.

In an unpublished opinion filed on July 31, 2020, we affirmed the denial of the petition based on the state of the law at the time. We found that although the trial court erred by summarily denying the petition based solely on the true finding on the robbery-murder special circumstance, remand was unnecessary as the facts in the record supported that defendant committed the first degree murder based on being a major participant and acting with reckless indifference to human life during the commission of the robbery.

Defendant filed a petition for review, which was granted. On September 28, 2022, the California Supreme Court transferred the matter back to this court with instructions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). In *Strong,* the California Supreme Court found that felony murder special-circumstance findings issued by a jury before the decisions of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the terms "major participant" and "reckless indifference to human life" in the special-circumstance statute, do not preclude a defendant from making out a prima facie case for resentencing of a felony-murder conviction, even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*. In *Lewis*, at page 966, the California Supreme Court found that under section 1172.6, a defendant who files a petition for resentencing in the trial court is entitled to appointment of counsel and for counsel to have the opportunity to submit briefing prior to the trial court's prima facie finding.

3

We vacated our previous opinion and requested that defendant and the People file supplemental briefs. The People filed its supplemental brief first and conceded that remand to the trial court for further proceedings pursuant to section 1172.6 is required. Defendant in his supplemental briefing requests that this court direct the trial court to issue an order to show cause and hold a hearing pursuant to section 1172.6. We will remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

A.    FACTUAL HISTORY[3]

On June 9, 2007, Wallace Brown was working the graveyard shift as a security guard at a construction site. The construction site was near a Valero gas station located at the intersection of Rosa Parks and North Indian Hill Canyon in Palm Springs. At around 2:00 a.m., defendant and three other men were together at the gas station and then drove in the direction of the construction site.

Approximately 20 minutes later, Brown was discovered lying on the pavement near a van close to the Valero gas station. Brown was bleeding, he had significant injuries to his head and left arm, and he had vomited and pieces of his teeth came out. Brown eventually died from his injuries. An autopsy revealed he had a fractured nose, broken teeth, lacerations on his hands, and bruising on his head. He died of an internal head injury due to blunt force trauma. Brown's wallet and cellular telephone had been taken.

---

[3] The facts are taken from the Opinion.

4

The morning after the incident, defendant voluntarily went to the Palm Springs Police Department. Defendant recounted several versions of the events that occurred the prior night. He blamed his cohorts for the injuries to Brown and stated that he tried to stop them from hurting Brown. One of defendant's cohorts stated that defendant hit Brown. Defendant was placed in an interview room with one of the other men and they blamed a third man for beating Brown.

B.     PROCEDURAL HISTORY

Defendant was tried under a theory of aiding and abetting and that he was a major participant and acted with reckless indifference to human life during the commission of the robbery. The jury was instructed on aiding and abetting. They were also instructed that they must determine as to the robbery-murder special circumstance that defendant acted with the intent to kill or with reckless indifference to human life. As for reckless indifference to human life, they had to determine whether defendant engaged "in criminal activity that he knows involves a great risk of death."

Defendant was convicted of the premeditated and deliberate murder of Brown (§ 187, subd. (a); count 1); active participation in a criminal street gang (§ 186.22, subd. (a); count 2); and robbery (§ 211; count 3). In addition, for count 1, the jury found true the special circumstance that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)). For counts 1 and 3, the jury also found true the allegations that the crimes were committed for the benefit of and in association with a

criminal street gang (§ 186.22, subd. (b)).[4] Defendant was sentenced to life without the possibility of parole, plus the determinate term of two years. Defendant filed an appeal raising the sole claim that there was insufficient evidence presented to support that he acted with reckless indifference to human life to support the robbery murder special circumstance. Defendant's convictions were upheld in the first appeal.

On December 31, 2018, defendant filed his petition. In his petition, he stated that he had been convicted of first or second degree murder based on the felony murder rule. He declared that he was not the actual killer, he did not have the intent to kill and was not a "major participant" nor did he act with "reckless indifference to human life during the course of the crime or felony." No other documents were provided to the trial court.

On February 26, 2019, the trial court set a status conference for March 8, 2019. On March 1, 2019, the People filed their response to the petition and opposition to the issuance of an order to show cause. The People contended that defendant was not entitled to relief because he was convicted of the special circumstance of robbery murder, which required a finding by the jury that he acted with reckless indifference to human life and was a major participant. The People attached the Opinion and the jury verdict on the first degree murder and the true finding on the special circumstance.

---

[4] In the Opinion, it was stated that defendant was also convicted of other enhancements, including inflicting great bodily injury on Brown within the meaning of section 12022.7, subd. (a). However, according to the probation report, defendant's opening brief and the transcript from sentencing, the only enhancements for which he was found guilty were the gang enhancements.

On March 8, 2019, defendant was appointed counsel. Defense counsel was not given the opportunity to file a reply to the People's opposition to the petition. On March 15, 2019, the parties appeared before the trial court. The trial court ruled: "In reviewing the verdict forms, the jury found that allegation, the special allegation of felony murder special [circumstance] true. They were appropriately instructed under theories that would survive a [Senate Bill No.] 1437 analysis. [¶] This matter is summarily denied."

**DISCUSSION**

In light of the decisions in *Strong*, *supra*, 13 Cal.5th 698 and *Lewis*, *supra*, 11 Cal.5th 952, remand to the trial court for further proceedings is necessary.

SB 1437 became effective January 1, 2019. "[SB 1437] modified California's felony murder rule and natural and probable consequences doctrine to ensure murder liability is not imposed on someone unless they were the actual killer, acted with the intent to kill, or acted as a major participant in the underlying felony and with reckless indifference to human life." (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 220.) As relevant here, SB 1437 added section 189, subdivision (e), which provides, "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).) Section 190.2,

7

subdivision (d) provides, "Notwithstanding subdivision (c), every person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

SB 1437 also created a process through which convicted persons can seek resentencing if they could no longer be convicted under the reformed homicide law. (§ 1172.6, subd. (a).) Section 1172.6, subdivision (a), provides in part, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." Section 1172.6, subdivision (c), provides, "Within 60 days after service of a petition . . . , the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If

8

the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." If the petitioner makes a prima facie showing he is eligible for relief under section 1172.6, the court shall hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d)(1).) At this hearing, either party may present new evidence and the prosecution bears the burden of proving the petitioner could still be convicted beyond a reasonable doubt. (§ 1172.6, subd. (d)(3).)

In *Lewis*, *supra*, 11 Cal.5th 952, our Supreme Court found that former section 1170.95 entitled a defendant to have appointment of counsel after filing a proper petition and was entitled to have the opportunity for counsel to file briefing in response to any opposition filed by the People before the trial court makes its prima facie determination. (*Id.* at pp. 961-972.) As noted *ante*, this has been codified in section 1172.6, subdivision (c). The *Lewis* Court also held that a superior court's failure to appoint counsel to represent a petitioner or to allow for briefing when assessing whether a defendant has made a prima facie showing of entitlement to relief is state law error, reviewable for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 958, 973-974.) The Court stated: "More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.)

Here, the trial court entered its ruling concluding that defendant had failed to make a prima facie case for relief without giving counsel an opportunity to file a response to the People's opposition. Based on *Lewis*, defendant was entitled to have counsel be given the opportunity to provide briefing. However, we need not address prejudice under *Lewis*, as we conclude under *Strong* that the trial court erred by summarily denying the petition based on the special circumstance finding and remand is necessary.

In *Strong*, the California Supreme Court resolved a split of the Courts of Appeal as to whether a special circumstance finding reached prior to *Banks* and *Clark* precluded relief under section 1172.6. *Banks* and *Clark* "substantially clarified the law" regarding what it means to be a major participant who acts with reckless indifference to human life for the purposes of the special circumstance statute. (*Strong*, *supra*, 13 Cal.5th at pp. 706-707, 721.) The *Strong* court concluded that where a defendant's "case was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him [or her] from making out a prima facie case for resentencing under section 1172.6." (*Strong*, at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

In this case, defendant was tried under a theory of aiding and abetting, and that he was a major participant and acted with reckless indifference to human life during the commission of the robbery. He was convicted of first degree murder. In addition, he was convicted of the special circumstance that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)(A)). Such finding predated *Banks* and *Clark*. Hence, the special circumstance finding did not preclude him from "making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p.

10

721.) The trial court erred by summarily denying the petition relying on the special circumstance finding.

In addition, this court cannot look to the record to determine whether defendant would have been convicted after *Banks* and *Clark*. Based on the change in requirements for a true finding on a special circumstance after *Banks* and *Clark,* defense counsel in a case may have "have altered what evidence" would have been introduced and may have "fundamentally altered trial strategies" (*Strong*, *supra*, 13 Cal.5th at p. 719.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id.* at p. 720, fn. omitted.) "For petitioners with pre-*Banks/Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time. Allowing reexamination of the issue under these circumstances does not permit 'a second bite of the apple' because the changes in the law mean there is now 'a different apple.' " (*Id*. at p. 718, fn. omitted.)

As such, after *Strong*, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, *supra*, 13 Cal.5th at p. 720.)

11

Accordingly, we must remand the matter for the trial court to consider defendant's petition in light of *Strong* as nothing in the record demonstrates that defendant is ineligible for relief as a matter of law. The trial court shall give defendant's counsel an opportunity to provide briefing, determine whether defendant has made out a prima facie case for relief and, to the extent necessary, issue an order to show cause and conduct an evidentiary hearing. (§ 1172.6, subds. (c), (d)(1) & (3).)

## DISPOSITION

The trial court's order denying the petition is reversed and the matter is remanded for further proceedings pursuant to section 1172.6, as set forth in this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

12